# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**THE MOORISH AMERICAN
PEOPLE OF THE UNITED
STATES OF AMERICA REPUBLIC,**

    Plaintiff,

vs.     Case No. 4:18cv545-WS/CAS

**KEN DETZNER,
and NICHOLAS DOLAN,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was initiated in late November 2018. A civil rights complaint was submitted, ECF No. 1, along with a civil cover sheet, ECF No. 2, an application to proceed with in forma pauperis status, ECF No. 3. The civil cover sheet indicates this case is brought pursuant to this Court's diversity jurisdiction as Plaintiff resides in Illinois and both Defendants are located in Florida. ECF No. 2. That document, as well as the in forma pauperis motion, ECF No. 3, are signed purportedly by "Assistant Attorney General Eric-Ingram Bey." However, the complaint indicates this case is

brought without an attorney.  *See* ECF No. 1 at 10.  Nevertheless, the complaint is not properly signed and cannot proceed as filed.  *Id.*

Furthermore, it appears that this case cannot proceed as filed because Plaintiff is not a person, but a "non-profit domestic corporation."  ECF No. 1 at 14.  Thus, this Order advises that well established case law provides that a corporation or other business entity may only appear in court if represented by an attorney.  Osborn v. United States Bank, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824); *see also* National Ind. Theatre v. Buena Vista Distribution, 748 F.2d 602, 609 (11th Cir. 1984), *cert. denied*, 471 U.S. 1056 (1985) (concluding that § 1654 precludes a non-lawyer sole shareholder from appearing on behalf of a corporation); Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985) (stating that "a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel."); Reshard v. Britt, 839 F.2d 1499, 1501 (11th Cir. 1988)(Tjoflat, dissenting); Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 248 (Fla. 3d DCA 1985).

> A natural person may represent himself and present his own case to the court although he is not a licensed attorney.  A corporation is not a natural person.  It is an artificial entity created by law and as such it can neither practice law nor appear or act in person.  Out of court it must act in its affairs

> through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear *in propria persona*.

<u>Paradise v. Nowlin</u>, 86 Cal.App.2d 897, 195 P.2d 867, 867 (1948)(citations omitted). Courts have entered judgments against corporations who attempted to appear in court *pro se*. <u>Woodford Mfg. Co. v. A.O.Q., Inc.</u>, 772 P.2d 652 (Colo. App. 1988); *see also* <u>Boydston v. Strole Development Co.</u>, 193 Ariz. 47, 50-51, 969 P.2d 653, 656-657 (Ariz. 1998). "The proposition that a corporation must be represented by an attorney also applies to limited liability companies." <u>Souffrant v. Denhil Oil, LLC</u>, No. 10-80246, 2010 WL 1541192, at *1 (S.D. Fla. 2010) (citing <u>Stockwire Research Group, Inc. v. Lebed</u>, 577 F.Supp.2d 1262, 1264 (S.D. Fla. 2008) (stating that "the Court ordered Corporate Defendants Pigasa, Inc. and Lebed Biz, LLC to obtain substitute Counsel no later than March 10, 2008 or face potential default") (other citations omitted)); <u>Energy Lighting Mgmt., LLC v. Kinder</u>, 363 F.Supp.2d 1331, 1332 (M.D. Fla. 2005) (noting "that limited liability companies, like corporations, 'may appear and be heard only through counsel.'") (citations omitted). Thus, because Plaintiff is an artificial entity, it cannot proceed in this case without representation by an

Case No. 4:18cv545-WS/CAS

attorney. The attorney must be admitted to the Bar of this District Court and a member in good standing of The Florida Bar. N.D. Fla. Loc. R. 11.1(A). Alternatively, an "attorney who is a member in good standing of the bar of a jurisdiction where the attorney resides or regularly practices law may file a motion in a case for leave to appear pro hac vice." N.D. Fla. Loc. R. 11.1(C).

Finally, the motion for in forma pauperis status cannot be granted. ECF No. 3. The Supreme Court has held that the statute which permits a "person" to proceed without payment of the filing fee refers only to individuals. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Artificial entities must pay the filing fee and cannot be granted in forma pauperis status. Thus, the in forma pauperis motion, ECF No. 3, must be denied.

If Plaintiff desires to proceed with this litigation, full payment of the filing fee must be immediately paid. Furthermore, a notice of appearance of counsel must be filed no later than **February 1, 2019**. Additionally, an amended complaint must be filed by that same deadline. If Plaintiff does not comply, this case will be dismissed.

It is respectfully **RECOMMENDED** that the motion for in forma pauperis status, ECF No. 3, be **DENIED**, and that if a notice of appearance of counsel is not filed by **February 1, 2019**, this case should be **DISMISSED** as it cannot proceed without counsel and without payment of the filing fee.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**